UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE LANCIANI and, ) <br> JASON LANCIANI, ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALLSTATE INSURANCE COMPANY, ) <br> MATTHEW WARD, INSURANCE ) <br> AGENCY, ) <br>    Defendants, ) | Civil Action No. 4:23CV10880 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND EXTEND TIME FOR COMPLETION OF SERVICE AND RETURN OF PROCESS**

**I.   Introduction:**

Plaintiffs', Christine Lanciani and Jason Lanciani, (hereinafter, "plaintiffs"), move the court under 28 U.S.C. §1447(c), and Local Rule 81.1(c), following Defendant Allstate Insurance Company's, (hereinafter, "Allstate"), Notice of Removal filed April 26, 2023. to remand the case back to state court, Worcester District Court, Docket No. 2362CV000011, for good cause and in the interests of justice. Plaintiffs argue they are entitled to remand as a matter of law and ask the court to exercise its discretionary authority under 28 U.S.C. §1447(a) and 28 U.S.C. §1448, upon removal and to issue any necessary orders and process to bring before it all proper parties whether served or otherwise and to continue the time required to effectuate service of process upon all defendants ninety (90) days to August 11, 2023, for good cause and in the interests of justice. (see, *Barnes v. Thompson Center Arms, Co.*, 796 F.3d 897, 902 (8th Cir. 2015)

**II.   Statement of Facts and Procedural History:**

The case arises out of plaintiffs' state M.G.L.A. c. 93A and M.G.L.A. c. 176D, action and related contract, state insurance laws and regulations, common law claims and other statutory

claims including a claim under M.G.L.A. c. 12 §11I, for deprivation and/or attempted deprivation of plaintiffs' constitutionally protected liberty and property rights causing them harm and damage. Plaintiffs filed their complaint in Worcester District Court Department, Civil Division, on January 8, 2023. Service was made upon Defendant Allstate on April 5, 2023. Notice of Removal was filed April 26, 2023. Allstate filed a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) on May 2, 2023.

### III.   Argument:

**A.   Allstate improperly removed plaintiffs' action where the Fair Debt Collection Practices Act does not work a complete preemption of all of her claims**

Federal courts have original jurisdiction over any action between citizens of different states where the jurisdictional amount in controversy exceeds $75,000. 28 U.S.C. §1441(a); 28 U.S.C. §1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Federal courts also have original jurisdiction over actions involving a federal question. 28 U.S.C. §1331. Plaintiffs' motion to remand should be allowed where Allstate's Notice of Removal was based upon an insufficient defense of complete preemption and where the amount in controversy cannot exceed $25,000.00 Dollars in damages pursuant to state district court jurisdictional amount. (see, M.G.L.A. c. 218 §19.  Plaintiff contends that because preemption is a defense and not an affirmative claim, it could not serve as the basis for removal. (see, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002). Plaintiffs contend that preemption is typically a defense to be asserted in state court and not a ground for removal, except in cases where "complete preemption" applies, which they argue would require discovery to obtain sufficient proof to support Allstate's Notice of Removal and otherwise at this stage of the proceedings, does not apply to this case. (see, Fair Debt Collection Practices Act, 15 U.S.C. 1681, et seq., (FDCP)

Plaintiffs seek to remand back to state court where there are plausible state statutory and common law claims and the Fair Debt Collection Practices Act does not work a complete preemption of all of her claims and Allstate has not otherwise met their burden of proof for removal under 28 U.S.C. §1446. (see, *Torres v. Wakefield and Associates*, 1:20-cv-09343, 2021 U.S. Dist. LEXIS 10345 (S.D.N.Y. Jan. 20, 2021). Plaintiffs also object to defendants Notice of removal as a violation of the rule of unanimity where important defendants who have not been served may not consent to removal upon service. Indeed, plaintiff would be willing to voluntarily dismiss their FDCP claim in state court and proceed on their state law claims upon remand, which do involve the deprivation of constitutionally protected rights under state and federal constitutional law.

### B. Plaintiffs seek remand where removal was defective for amount in controversy.

Although statutory amount is not a bar to removal to federal court plaintiffs argue that at this stage of the proceedings it may be a consideration in the calculus of whether to remand the matter back to state court where the district court has original jurisdiction over state law claims and pendent jurisdiction to hear plaintiffs' civil rights claims and where the matter has been asserted as below $25,000.00 Dollars by filing in Worcester District Court, the state court is the more appropriate forum in this matter under 28 U.S.C. §1441(a). (see, M.G.L.A. c. 218 §19) Section 1446(c)(3)(A) was specifically amended in 2011 to clarify that if a case is not initially removable "because the amount in controversy does not exceed the amount specified in section 1332(a), by a preponderance of the evidence and information relating to the amount in controversy in the record of the state proceeding, or in responses to discovery, shall be treated as 'other paper under subsection (b)(3). (s*ee Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331

(M.D. Fla. 2010) Plaintiffs contend that this defect forecloses Allstate's removal petition and is grounds for the allowance of plaintiffs' motion to remand and/or otherwise asks the court to exercise its discretionary authority given the totality of plaintiffs' original claims under 28 U.S.C. §1447(c), to return the lawsuit to state court. (see, *Powerex Corp. v. Reliant Energy Servs., Inc.,* 551 U.S. 224, 229 (2007).

### C. Plaintiffs' motion for remand should be allowed where state law rights do not "necessarily" turn on a question of federal law.

Removal on federal question grounds is allowed only if the "well pleaded complaint" shows on its face that the action arises under federal law. The removal statute should be strictly construed against the removal of the action. *Lanca v. Private Health Care,* 185 F.3d 1, 4 (1st Cir. 1999)  Under 28 U.S.C. §1447(c) Congress provided for removal of state law claims by statute. (to satisfy the third category, the removing party must show that the federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court). Plaintiff argues there are independent cognate state constitutional rights claims that render Allstate's Notice of Removal defective in that such constitutionally protected rights are not "necessarily raised" in federal court as is the requirement of the statute. *Samaan v. St. Joseph Hosp.*, 670 F.3d 27-28 (1st Cir. 2012) Plaintiffs, contrary to Allstate's assertion in their notice of removal and motion to dismiss, claim they have set forth plausible claims to relief under state statutory law and common law and that defendants' have failed to set forth specific facts and/or case law that demonstrates they are not plausibly entitled to relief under the Fed. R. Civ. P. Rule 12(b)(6) standard. (see, *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 646, 888 N.E.2d 879 (2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Defendants' arguments are further foreclosed by the fact that, as the removing party, they burden to prove removal was warranted on a motion to remand

and have not met that burden of proof in their Notice of Removal. (see, *Massachusetts School of Law at Andover,* 142 F.3d 26, 33 (1st Cir. 1998)).

**IV. Conclusion:**

Plaintiffs respectfully ask that the court remand this case back to state court for good cause and in the interests of justice.

REQUEST FOR HEARING

Respectfully submitted,
Plaintiffs, Christine Lanciani
and Jason Lanciani,
By their attorney,

/s/ David E. Ashworth

_____
David E. Ashworth, Esq.
23 Harvard Street
Worcester, MA 01609
(508) 981 1968
BBO# 549850
d_evan_ashworth@yahoo.com

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of the foregoing; **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND EXTEND TIME FOR COMPLETION OF SERVICE AND RETURN OF PROCESS,** was served upon all counsel of record, Scott Burke, Esq., Cetrolo, LLP, Two Seaport Lane, 10th Floor, Boston, Massachusetts 02210, by e-file and email, this 11th day of May, 2023.

                /s/ David Ashworth

                _____
                David E. Ashworth, Esq.