UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE LANCIANI and,<br>JASON LANCIANI,<br>   Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>MATTHEW WARD, INSURANCE<br>AGENCY,<br>   Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 4:23CV10880 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT ALLSTATE'S MOTION TO DISMISS**

I. **Introduction:**

    Plaintiffs', Christine Lanciani and Jason Lanciani, (hereinafter, "plaintiffs"), file their opposition, to Defendant Allstate Insurance Company's, (hereinafter, "Allstate"), motion to dismiss filed May 2, 2023, and argue that Allstate has failed to meet its burden of proof under Fed. R. Civ. P. Rule 12(b)(6) of demonstrating the non-plausibility or non-entitlement to plaintiffs' claims alleged in their complaint. (see, *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 646, 888 N.E.2d 879 (2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

II. **Statement of Facts and Procedural History:**

    The case arises out of plaintiffs' state M.G.L.A. c. 93A and M.G.L.A. c. 176D, action for unfair acts and practices in the business of insurance in connection with circumstances surrounding Allstate's bad faith cancellation of plaintiffs' automobile insurance policy without notice and after accepting the agreed monthly premium withdrawal contract provision, in

violation of state insurance laws and regulations, her contract rights, common law rights and other statutory rights including a claim under M.G.L.A. c. 12 §11I, for deprivation and/or attempted deprivation of plaintiffs' constitutionally protected liberty and property rights causing them harm and damage. Plaintiffs also alleged unfair settlement practices under M.G.L.A. c. 93A, after a statutory demand letter was sent, for failure reasonably settle claims promptly when liability under the contract became reasonably clear and for misrepresentation and deprivation of personal rights. Allstate in their motion without any substantiation in the face of a stated insurance policy contract allege that plaintiff has failed to establish that they and Allstate had a valid binding agreement, state in an unsupported and conclusory fashion that plaintiffs set forth sufficient allegations that Allstate breached the terms of this alleged agreement, both of which allegations plaintiffs deny. Plaintiffs filed their complaint in Worcester District Court Department, Civil Division, on January 8, 2023. Service was made upon Defendant Allstate on April 5, 2023. Notice of Removal was filed April 26, 2023. Allstate filed a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) on May 2, 2023. Plaintiffs filed a motion to remand the case back to state court on May 15, 2023, and ask that Allstates motion to dismiss be denied.

**III.    Legal Standard under Fed. R. Civ. P. Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the complaint and documents attached thereto "must contain 'enough facts to state a claim to relief that is plausible on its face'" even if actual proof of the facts is improbable. *Miller v. Town of Wenham Massachusetts*, 833 F.3d 46, 51 (1st Cir. 2016). On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all wellplead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007), citing, *Rogan v. Menino*, 175

F.3d 75, 77 (1st Cir. 1999)). Plaintiffs, contrary to Allstate's conclusory allegations that their claims are incoherent, devoid of substance and specificity, have alleged facts either directly or indirectly that satisfy each required element under each actionable theory of recovery alleged and satisfy the standard of proof sufficient to withstand their motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), on all counts. (see, *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23, (1st Cir. 1996), see also, *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). Allstate has failed to set forth any reliable facts or valid legal basis to rebut plaintiffs' alleged facts and they argue they have a right to have their claims tried to a jury on the merits as requested in Worcester District Court. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs are not required to submit evidence to defeat a Rule 12(b)(6) motion, but need only sufficiently allege in their complaint a plausible claim". *Foley v. Wells Fargo Bank*, 772 F. 3d 63, 72 (1st Cir. 2014), see also, 5B Wright & Miller §1356 (2015).  A plaintiff who pleads sufficient facts to satisfy the *Twobley-Iqbal* standard, but does not perfectly invoke the correct legal theory should not be dismissed under Rule 12(b)(6). *Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 347, 190 L.Ed.2d 309 (2014). "[A]ll reasonable inferences" are drawn "in the pleader's favor." *Sanders v. Phoenix Ins. Co.,* 843 F.3d 37, 42 (1st Cir. 2016). Plaintiffs argue they have met the pleading standard under Fed. R. Civ. P. Rule 12(b)(6) and Allstate's motion should be denied.

IV. **Argument:**

    A. **Allstate's motion should be denied where the Fair Debt Collection Practices Act does not work a complete preemption of all of her claims**

Allstate's motion to dismiss should be denied where the Fair Debt Collection Practices Act in this case does not work a complete preemption of their claims in state court. (see, *Torres v. Wakefield and Associates*, 2021 U.S. Dist. LEXIS 10345 (S.D.N.Y. Jan. 20, 2021) [1:20-cv-09343]. Plaintiffs contend that complete preemption is typically a defense to be asserted in state court and Allstate would require more extensive discovery to obtain sufficient proof of complete preemption of plaintiffs' claims at this stage of the proceedings. (see, Fair Debt Collection Practices Act, 15 U.S.C. §1681, et seq., FDCP). Plaintiffs claim there are plausible state statutory and constitutional claims as well as state common law claims set forth in her complaint and contrary to Allstates assertion, plaintiffs argue that the Fair Debt Collection Practices Act does not work a complete preemption of all of her claims and Allstate has not otherwise met their burden of proof for dismissal and/or removal under Fed. R. Civ. P. Rule 12(b)(6) and/or 28 U.S.C. §1446. (see, *Torres v. Wakefield and Associates*, 2021 U.S. Dist. LEXIS 10345 (S.D.N.Y. Jan. 20, 2021) [1:20-cv-09343]. Plaintiffs argue there are independent cognate state constitutional rights claims that render Allstate's Notice of Removal defective in that such constitutionally protected rights are not "necessarily raised" in federal court as is the requirement of the statute. (see, *Samaan v. St. Joseph Hosp.*, 670 F.3d 27-28 (1st Cir. 2012)).

Plaintiffs point generally to 211 CMR 97.00, et seq., promulgated pursuant to M.G.L. c. 174A, M.G.L. c. 175 §193R and M.G.L. c. 175A which governs the procedures for the cancellation and non-renewal of Motor Vehicle Insurance Policies. Plaintiffs allege Allstate's, and their authorized agents collective conduct, committed unfair acts and practices, gross negligence and wilful violations of law, contract rights, regulations and misrepresentations in connection with the cancellation of their motor vehicle insurance policy directly caused them to

suffer harm and damages. (see, 211 CMR 97.04 - 97.07) Plaintiffs, contrary to Allstate's assertion in their motion to dismiss, claim they have set forth plausible claims to relief under state statutory law and common law and that defendants' have failed to set forth specific facts and/or valid case law that demonstrates they are not plausibly entitled to the relief requested under Fed. R. Civ. P. Rule 12(b)(6). (see, *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 646, 888 N.E.2d 879 (2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs brought a tort action for negligence and breach of the contractual duty owed where liability for conduct is . . . a cause in fact of the injury and where the resulting injury is within the scope of the foreseeable risk arising from the negligent conduct. (see, *Leavitt v. Brockton Hosp., Inc.*, 454 Mass. 37, 45 (2009), see also, *Kent v. Commonwealth,* 437 Mass. 312, 320 (2002).  Likewise, Allstate has not demonstrated the implausibility, under these circumstances, of plaintiffs' rights to be free from highly offensive, unreasonable, substantial and serious interference with his [their] privacy. (see, G. L. c. 214 §1B) Plaintiffs argue their clearly established privacy rights in this context are supported by similar expected contract rights, common law rights, statutory rights, consumer rights and constitutionally protected rights including, but not limited to, the statutory right to privacy set forth under G. L. c. 214 §1B. Plaintiffs allege Allstate by their collective conduct violated plaintiffs' protected rights to be secure in their person, liberty and property and to be protected from economic and/or personal harm by means of unfair acts and practices and grossly negligent conduct, highly offensive to the reasonable person and which deprived and/or attempted to deprive by means of threats, intimidation and coercion plaintiffs' clearly established liberty rights, property rights, rights to interstate travel, and privacy rights. Under these circumstances plaintiffs had an objectively reasonable expectation of privacy in her the knowledge that her and her family were properly and safely covered by automobile insurance

which was deprived by Allstate, unfairly and without due process and by means of economic coercion and highly offensive conduct, in violation of their 1st, 4th, 9th and 14th Amendment rights under the United States Constitution and cognate state constitutional rights. Plaintiffs argue their right to be free from offensive conduct, extreme and outrageous conduct and unfair and deceptive acts and practices in connection with the cancelation of their Allstate automobile policy without notice, leaving plaintiffs and their family members exposed to unreasonable risk of serious harm and was the proximate cause of economic and non-economic damages suffered.

Plaintiffs allege in their complaint generally that M.G.L.A. c. 93A §2(a) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." and, in determining whether conduct is unfair, courts "look to (1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen." *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 69 (1st Cir. 2009). Allstate, the insurer, is under a duty to pay any claim promptly, and if it is later found to have inappropriately delayed or withheld payment, it may significantly increase its own liability. (see, M.G.L.A. c. 176D §3(9), prohibiting unfair or deceptive acts or practices in the business of insurance, see also, G. L. c. 93A, Section 9, civil cause of action for persons injured as a result of a c. 176D violation with the possibility of recovering trebled damages and attorney's fees. (see, *Jacobs v. Town Clerk of Arlington,* 402 Mass. 824, 828-829 (1988). Plaintiff claims this analysis is a highly factual inquiry which may involve actors' state of mind, vicarious liability and specific conduct unknown at this time but set forth in good faith in plaintiffs complaint. Contrary to Allstates

assertion, plaintiffs sent statutory demand notice detailing their complaint against Allstate and have set forth essential facts to support their claims under M.G.L.A. c. 93A and related claims under M.G.L.A. c. 176D, and nothing set forth in Allstate's motion warrants dismissal under Fed. R. Civ. P. Rule 12(b)(6) and their motion must be denied.

### B. Allstate's motion to dismiss should be denied where they have failed to meet the jurisdictional amount in controversy required pursuant to 28 U.S.C. §1332(a)

Federal courts have original jurisdiction over any action between citizens of different states where the jurisdictional amount in controversy exceeds $75,000. (see, 28 U.S.C. §1332(a)). Plaintiff filed in Worcester District Court, Civil Division asserting as damages below $25,000.00 Dollars, as per the mandates of M.G.L.A. c. 218 §19.  Plaintiffs argue Allstate's failure to assert by a preponderance of the evidence the court's original jurisdiction in its notice of removal, thereby being defective for failure of amount in controversy requirement and Allstate's failure to assert in its motion to dismiss reasons why plaintiffs claims as stated are implausible, warrants dismissal of Allstate's motion under Fed. R. Civ. P. Rule 12(b)(6). (see, 28 U.S.C. §1446(b)(3), see also, *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010).

### IV.  Conclusion:

Plaintiffs ask the court to deny Allstate's motion to dismiss.

REQUEST FOR HEARING

        Plaintiffs, Christine Lanciani
        and Jason Lanciani,
        By their attorney,

        /s/ David E. Ashworth

        _____
        David E. Ashworth, Esq.
        23 Harvard Street
        Worcester, MA 01609
        (508) 981 1968
        BBO# 549850
        d_evan_ashworth@yahoo.com

### CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing; **PLAINTIFFS' OPPOSITION TO ALLSTATE'S MOTION TO DISMISS,** was served upon all counsel of record, Scott Burke, Esq., Cetrolo, LLP, Two Seaport Lane, 10th Floor, Boston, Massachusetts 02210, by e-file and email, this 16th day of May, 2023.

        /s/ David Ashworth

        _____
        David E. Ashworth, Esq.