UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE LANCIANI and JASON LANCIANI,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 4:23CV10880 |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Allstate Insurance Company ("Allstate") hereby submits this Opposition to Plaintiffs' Motion to Remand and Extend Time for Completion of Service and Return of Process. As a preliminary matter, Allstate asserts that Plaintiffs have already been granted additional time to complete service of process while this matter was pending in state court.  In short, Plaintiffs have failed to establish cause or due diligence in their attempts to identify, name, and properly serve the defendants, and further offer no justification in support of their Motion.  Accordingly, to extend the deadline to serve the defendants any farther would unfairly prejudice Allstate. Plaintiffs have confused diversity and federal question jurisdiction, have ignored this Court's supplemental jurisdiction, and have thus provided no justification that this matter be remanded to state court.

Allstate properly removed this action on April 24, 2023, on the basis of federal question jurisdiction, as Plaintiffs have asserted claims of violations of "federal data privacy laws," including the Fair Credit Reporting Act ("FCRA") and violations of "constitutionally protected expectation of privacy" under the Fourth, Ninth and Fourteenth Amendments to the Unites States Constitution. *See* Plaintiffs' Complaint at ¶¶47-50, ¶¶51-53 and ¶¶58-61. Further, Plaintiffs

demand judgment, statutory damages, attorneys' fees, punitive damages and costs available through the FCRA. *See id.*

Plaintiffs' principal argument appears to be that Allstate improperly removed this action under the "Fair Debt Collection Practices Act" where it does not completely preempt each of Plaintiffs' accompanying state law claims. *See* Plaintiffs' Motion at 2. Plaintiffs, however, mischaracterized the claims asserted in their own Complaint. Indeed, Plaintiffs have not asserted any claims under the "Fair Debt Collection Practices Act," and instead asserted violations of the Fair Credit Reporting Act (FCRA), in addition to incoherent claims that Allstate violated Plaintiffs' rights under the U.S. Constitution. *See id.* at ¶¶ 47-50, ¶¶51-53 and ¶¶58-61. Plaintiffs further allege that that Allstate "ran a hard credit check" in violation of [Christine Lanciani's] privacy rights under federal law. *See id. at* ¶19. Additionally, Plaintiffs seek compensation, including statutory damages, for violations of the FCRA due to Allstate's alleged failure to "reasonably safeguard the personal information" of Plaintiffs and the misuse of private information. *Id.* at ¶¶48-50.

Plaintiffs further allege that Allstate violated Plaintiffs' "constitutionally protected expectation of privacy" under the Fourth, Ninth and Fourteenth Amendment to the Unites States Constitution. Specifically, Plaintiffs claim that they had a federally protected expectation of privacy in their personal credit information and due process rights in the use and disclosure of such information in trade and commerce under the Ninth and Fourteenth Amendments to the United States Constitution. *See id.* at ¶ 60. Each of these claims undoubtedly give this Court original jurisdiction over this matter under federal question jurisdiction. *See* 28 U.S.C. § 1331. Further, assuming that Plaintiffs accurately were able to discuss their own claims, preemption is entirely immaterial to the question of this Court's jurisdiction. Plaintiffs have asserted substantial

and complicated claims, which require the interpretation and analysis of a federal statute. There is no question that Plaintiffs raise several "actually disputed and substantial" federal issues for which federal jurisdiction would not disrupt "any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) If anything, allowing these causes of action to proceed in state court would disrupt federal interests. This Court is better suited to resolve this controversy.

Since Plaintiffs have asserted several claims that arise under federal law and give this Court federal question jurisdiction, this Court has supplemental jurisdiction over the non-federal claims because they form part of the same case or controversy as those causes of action over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a). As such, while Plaintiffs' argue that this matter "arises out of" state law claims, these claims are part of the same case or controversy as the FCRA and Constitutional claims, giving this Court supplemental jurisdiction over them regardless of "preemption." *See* Plaintiffs' Motion to Remand at 1-2.

Next, Plaintiffs argue that, since the amount in controversy of this matter is below the $25,000 in damages "pursuant to the state district court jurisdictional amount," this matter should be remanded. *See* Plaintiffs' Motion at 2. This point is a flagrant misstatement of law. It is among the most basic concepts of civil procedure that there is no amount in controversy requirement associated with federal question cases. Allstate did not remove this action under diversity jurisdiction, but under federal question jurisdiction, and thus any argument regarding amount in controversy is entirely immaterial to the question of this Court's jurisdiction. *See* 28 U.S.C. § 1331.

Finally, Plaintiffs attempt to undermine this Court's jurisdiction by arguing that their claims of violations of state law rights do not "necessarily" turn on a question of federal law. In

doing so, Plaintiffs again miss the mark in arguing that Allstate "failed to set forth specific facts and/or case law that demonstrates they are not plausibly entitled to relief under the Fed. R. Civ. P. Rule 12(b)(6) standard." *See* Plaintiff's Motion at 4.  It is not clear to Allstate exactly what Plaintiffs are attempting to argue here, as whether Plaintiffs have sufficiently plead their claims under Rule 12(b)(6) is a separate question for a Motion to Dismiss, not whether this Court has jurisdiction over this matter.  The fact remains that Plaintiffs have asserted claims against Allstate under the FCRA and the U.S. Constitution, thus giving this Court jurisdiction over this matter under 28 U.S.C. § 1331.  This Court may further properly exercise its jurisdiction over Plaintiffs' accompanying state law claims, as such claims are part of the same case or controversy as Plaintiffs' federal law claims.  *See* 28 U.S.C. § 1367(a).

      In short, Plaintiffs' Motion to Remand is nearly as deficient as their Complaint.  Plaintiffs have confused the important difference between this Court's diversity and federal question jurisdiction, have ignored this Court's ability to hear accompanying state law claims under supplemental jurisdiction, and have most importantly failed to provide any sufficient legal reason for this matter to be remanded.  Plaintiffs' repeated and flagrant misstatements of law are fatal to their Motion to Remand.  Removal of this action is proper under 28 U.S.C. §§ 1331, 1367(a), 1441(a) and 1446. This Court has original jurisdiction over the subject matter concerning a federal question. To the extent that any part of Plaintiffs' causes of action can be construed as non-federal, under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over them because they form part of the same case or controversy as those causes of action over which the Court has original jurisdiction.

      WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Honorable Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,
Defendant,
Allstate Insurance Company
By its attorney,


*/s/ Scott J. Burke*
Scott J. Burke
BBO No. 641837
Thomas M. Brown
BBO No. 710665
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel.: (617) 217-5500
Fax: (617) 217-5200
sburke@cetllp.com
tbrown@cetllp.com

DATED:  MAY 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, all counsel of record has been served a true copy of the foregoing document via first class mail.

*/s/ Scott J. Burke*
Scott J. Burke
