UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CHRISTINE LANCIANI and JASON LANCIANI, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil No. 4:23-cv-10880-MRG ) ) ) ) ) ) ) |

**ORDER RE: PLAINTIFFS' MOTION TO REMAND AND TO EXTEND TIME FOR COMPLETION OF SERVICE AND RETURN OF PROCESS**

**GUZMAN, J.**

For the reasons set forth below, both Plaintiffs' Motion to Extend Time for Completion of Service and Return of Process and Plaintiffs' Motion to Remand [ECF No. 12], are DENIED.

I.  BACKGROUND

On or about January 6, 2023, Plaintiffs Christine and John Lanciani ("Plaintiffs") filed an action in Worcester District Court, Worcester County, Massachusetts as Civil Action No. 2362-CV-11 against Allstate and other unnamed and/or unspecified defendants. [Compl. ¶ 3, ECF No. 1-3.] Plaintiffs served Allstate with a copy of the complaint on or about April 5, 2023. [Notice of Removal ¶ 4, ECF No. 1.] The Defendants in this case include Allstate Insurance Company ("Allstate") and four individuals (identified only by their first name and "John Doe") who appear to be current or former independent Allstate insurance sales agents. [Compl. ¶ 5.] The Court is unaware of any service of process for these four co-defendants. [Compl. ¶ 5.]

The complaint alleges six counts based on state and federal law. [See Compl.] In terms of the federal claims, Plaintiffs allege violations of "federal data privacy laws," including the Fair Credit Reporting Act ("FCRA") and violations of their "constitutionally protected expectation of privacy" under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution. [Compl. ¶¶ 47-50, ¶¶ 51-53, ¶¶ 58-61.]

Before the Court are Plaintiffs' Motion to Extend Time for Completion of Service and Return of Process and Plaintiffs' Motion to Remand.

II.     PLAINTIFFS' MOTION TO EXTEND TIME FOR COMPLETION OF SERVICE AND RETURN OF PROCESS

  A. Legal standard

"Under [Rule 4(m)], a court must extend the time for service of process if there is good cause shown for the delay." Riverdale Mills Corp. v. U.S. Dept. of Transp. FAA, 225 F.R.D. 393, 395 (D. Mass. 2005) (citing Coleman v. Milwaukee Bd. Of Sch. Dirs., 290 F.3d 932, 933-34 (7th Cir. 2002)); see also Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to effectuate service of process], the court must extend the time for service for an appropriate period."). The plaintiff bears the burden of demonstrating good cause. United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988). "Such a showing is, by its very nature, fact-specific," and is left to the discretion of the district judge. Id. at 885. "If good cause is not shown, a court may still, in its discretion, extend the time for service of process." Riverdale Mills, 225 F.R.D. at 395 (citations omitted).

  B. Discussion

Plaintiffs make no argument or offer any facts to support their request for an extension of time, other than a wholly conclusory request "to continue the time required to effectuate service

of process upon all defendants ninety (90) days to August 11, 2023, for good cause and in the interests of justice." [Plaintiffs' Mem. at 1, ECF No. 13.] In opposition, Allstate notes that "[p]laintiffs have failed to establish cause or due diligence in their attempts to identify, name, and properly serve the defendants, and further offer no justification in support of their Motion." [Def.'s Mem. at 1, ECF No. 16.] The Court agrees. Plaintiffs have already been granted additional time to complete service of process while this matter was pending in state court. [See Def.'s Mem. at 1.] Because Plaintiffs have failed to meet their burden of demonstrating good cause and offered no other supportive material to evaluate, the Court declines to extend the time for service of process.

Accordingly, Plaintiffs' Motion to Extend Time for Completion of Service and Return of Process, ECF No. 12, is DENIED.

### III. PLAINTIFFS' MOTION TO REMAND

#### A. Removal Based on Federal Question Jurisdiction

##### 1. Legal Standard

The Defendants removed this case from state court pursuant to 28 U.S.C. § 1441(a), which provides that: "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "The federal courts have interpreted this statutory grant of power narrowly." Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995). "Thus, upon a motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper . . . . Removal statutes should be strictly construed against removal and doubts resolved in favor of remand." Id. (citations omitted).

In the instant case, the federal court's original jurisdiction is based on the existence of a federal question.  See 28 U.S.C § 1331; 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").  "In deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's claim to relief rests upon a federal right and the court is to look only to the plaintiff's complaint to find the answer."  Hernandez-Agosto v. Romero-Barcelo, 748 F.2d 1, 2 (1st Cir. 1984) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)).  The "well-pleaded complaint" rule requires that a plaintiff's "well-pleaded complaint . . . exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed."  Perez v. Brockton Neighborhood Health Ctr., Inc., No. 18-cv-10284-MBB, 2019 U.S. Dist. LEXIS 3724, at *7 (D. Mass. Jan. 9, 2019) (quoting Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't of Environmental Management, 585 F.3d 42, 48 (1st Cir. 2009)).   In the context of removal, the federal question must be raised by the claims in the state court complaint as they existed at the time of removal.  Lawless v. Steward Health Care System, LLC, 894 F.3d 9, 17 (1st Cir. 2018).  The involvement of a federal issue in a case "does not authorize removal if that involvement arises by way of a federal defense."  Hernandez-Agosto, 748 F.2d at 2.

2. Discussion

Plaintiffs appear to be confused about the claims in their own complaint.  In their memorandum of support for the instant motion, Plaintiffs claim to have pled violations of the Fair Debt Collection Practices Act.  [See Plaintiffs' Mem. at 2-3.]  The text of the complaint belies this assertion—Plaintiffs make no claim under the Fair Debt Collection Practices Act.  [See Compl.]

4

Rather, the complaint filed in state court contains "an explicit federal cause of action," Perez, 2019 U.S. Dist. LEXIS 3724, at *7, as Plaintiffs have asserted claims for violations of "federal data privacy laws," including the FCRA and violations of "constitutionally protected expectation[s] of privacy" under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution. [See Compl. at ¶¶ 47-50, ¶¶ 51-53, ¶¶ 58-61.] Further, Plaintiffs demand judgment, statutory damages, attorney's fees, punitive damages, and costs available through the FCRA. [See id.]

Additionally, while "a federal defense to a state-law cause of action will not suffice" for federal question jurisdiction, Rhode Island Fishermen's Alliance, 585 F.3d at 48, Plaintiffs incorrectly state that Allstate's removal rested on the defense of preemption. [See Plaintiffs' Mem., at 2-3.] As stated on the face of the Notice of Removal, Allstate removed the action pursuant to federal question and supplemental jurisdiction. [See Notice of Removal at 1.] Further, because Allstate contends that federal question jurisdiction exists—which does not require an amount in controversy—Plaintiffs' argument that the amount in controversy in this case does not suffice to warrant diversity jurisdiction under 28 U.S.C. § 1332 is misplaced. [See Plaintiffs' Mem. at 3-4.]

The Court finds that Plaintiffs' "well-pleaded" state court complaint, as it existed at the time of removal, contains an explicit federal cause of action, and thus the Court has original federal question jurisdiction over the claims under 28 U.S.C. § 1331. Accordingly, removal was proper on the federal claims.

B. Supplemental Jurisdiction

With federal question jurisdiction over the FCRA and constitutional claims, supplemental jurisdiction under 28 U.S.C. § 1367(a) ("Section 1367") will exist over all state-law causes of action that "derive from a common nucleus of operative fact or are such that they would ordinarily

be expected to be tried in one judicial proceeding." Perez, 2019 U.S. Dist. LEXIS 3724, at *9 (quoting Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013)).  Here, all of Plaintiffs' state-law causes of action derive from the same transactions or occurrences with the Defendant.  [See Compl.]  Thus, the state-law claims form part of the same case or controversy as the federal claims, over which the Court has original jurisdiction, and supplemental jurisdiction exists over them pursuant to Section 1367.  Accordingly, removal was proper on the state-law claims.

   C. Remand

As Defendant properly removed the matter pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and 1446, remand is inappropriate.  Accordingly, Plaintiffs' Motion to Remand, ECF No. 12, is DENIED.

   IV.    CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Extend Time for Completion of Service and Return of Process and Plaintiffs' Motion to Remand, [both raised in ECF No. 12], are DENIED.

SO ORDERED.

Dated: September 22, 2023

                                                   /s/ Margaret R. Guzman
                                                 Margaret R. Guzman
                                                 United States District Judge